Chief Justice Robertson
delivered the Opinion of the Court.
Daniel A. Brewer, who was the acting administrator of Simon Varnarsdale, deceased, and the guardian of his children, brings this writ of error for the purpose of reversing several decrees obtained -against him, by his late wards, the defendants in error, on a bill and sundry crossbills, filed by them, for a settlement of his accounts as administrator and guardian.
Though the decrees are distributive, and therefore several in effect, yet as they all depend chiefly on the same facts and principles, and the objections to one generally apply to the others, they will be considered by this Court asoné joint decree. And, in our opinion, several of the objections urged against the entire decree, are mantainable.
Whenever the heirs are entitled to the land, the widow is entitled to dower, on equitable terms. A man died possessed of a tract of land, which was sold by order of court, and most of the proceeds applied to pay a balance due upon the land: held that, in the residue of the proceeds of the sale, after the land was paid for out of it, the widow had a dower interest; and the value of one third of that residue for her life, considering her age, should have been paid to her, in absolute right.— But a full third having been paid to her, upon her giving bond with security, that it should be refunded, to go to the heirs, at her death, this court does not disturb that arrangem’nt, which seems to be beneficial to the heirs, and serious inconvenience might result from changing it.
Where land o'f a deedent was sold, by order of court, upon the petition of the guardian of the heirs, and their ancestor’s vendor was not made party to the petition, and yet the legal title was conveyed by a commissioner who made the sale, the' presumption is, that the ancestor was vested with the legal title- — the widow entitled to the use of a third for life; and, she having consented to the sale,to the use of a third of the proceeds for life. See the petition and response, post. p. 208, &c.
*205 First'. The Circuit Court refused to allow any credit for an advance made by the administrator to the surviving widow of the intestate,'on account of dower which she claimed in a tract of land to which he was entitled at his death, and which had been sold under a judicial order made on the application of his children’s guardian. A portion of the price for which the intestate had bought the land, not having been paid at the time of his death, and the guardian having paid it out of the proceeds of the sale made under the order of Court, the widow received, on account of her claim to dower, one third bf the residue, and gave her bond with security for refunding it at her death. But the Circuit Judge, assuming that the title of the inféstate was only equitable, and that such an interest unpaid for did not entitle his widow to dower, therefore charged the plaintiff, as guardian, with the whole amount for which he had sold the land: and in this there was, as it seems to us, manifest error.
Had the title of the intestate appeared to have been equitable only, we are of the opinion that, if the heirs were entitled to a specific execution, the widow was entitled to dower. It does not appear that any thing but the payment of the entire consideration could have been necessary, to make their equity perfect, and that payment they might have compelled the administrator to make, as far as he had available assets. To entitle a widow to dower in an equitable estáte, it is not indispensable that her husband should have been entirely unindebted for it. If, at his death, his equity was available, his heirs and widow had a right to obtain the legal title by paying whatever remained due. Whenever the heirs are entitled by descent, the. widow may have dower, on equitable terms.
But there is nothing in the record tending, in the remotest degree, to show that the intestate’s title was not perfect. -On the contrary, as his vendor was not made a party to the petition filed by the guardian, for selling the land, and as a complete title seems to have been sold under the order made by the Court, on that petition, and a conveyance, as we infer, was made to the *206 purchaser by the commissioner who sold, we must presume that the intestate’s title was legal and complete. And according to this deduction, which is the only judicial one, the widow was undoubtedly entitled, during-her life, to one third of the land. And, as she seems to have acquiesced in the sale of the land, she was equitably entitled to an interest in the proceeds of sale. That interest, under the circumstances of this case, should be one third for life of the nett avails of the sale, after paying what remained due for it, at her husband’s death.
The adm'r is entitled to credit, for a payment to the widow, of the money rec’d by him, for rent of the farm, before dower was allotted to her. Land of a decedent was sold by order of court —the proceeds to be applied to the payment of a debt, & distribution among the widow and heirs; the sale was on credit, for par money; but a depreciated currency was received by the def t, who was adm'r and guardian: though the currency was rec’d by him, in good faith' — as he hacl no authority to receive it, he is accountable for the full amount, as so muchmoney;but some of the heirs having rec’d the same of him, after they came of age, voluntarily, are presumed to have received it understandingly, and having acquiesced in that settlement for several years, it shall not be disturbed; their former guardian is entitled to ci'edit for the sums paid them, without reduction for the depreciation. — Those who have not received their shares, are entitled to the full amount in lawful money,which their guardian might have coerced.
*206 As it would be difficult to secure, beyond contingency, the restitution of her third at. her death, it -would be safer, as well as more consonant with chancery -practice, to allot to her absolutely the Walue of her interest, to be ascertained by estimating the probable duration of her life. But the derangements and inconveniences that might now result from such a reallotment, should induce a ratification by the Court, of what the parties themselves had done, in a mode certainly as advantageous to the heirs and distributees, if they be secured in the restitution, at her death, of the principal sum she has received for use during her life, by a refunding bond with unquestionable security, to be given by the plaintiff in error and approved by the Circuit Court, or by an assignment of the bond he holds on the widow, if that be deemed good.
Second. The Circuit Court erred in charging the plaintiff with one thousand seventy dollars and fifty eight cents — instead of nine hundred seventy dollars and fifty eight cents — on account of the personal estate supposed to have remained in his hands, after deducting one third which he had paid to the widow, as the .distributive share to which she seemed to be entitled on-the assumed hypotheses that the proceeds of the sale of the land should alone be charged with the debt due for it at the intestate’s death.
Third. The widow being entitled to the use of the farm until the sale thereof, (her dower never having been allotted,) there was error also in rejecting the plaintiff’s claim to a credit for a payment to her, of rent received for the use of the land whilst she had a right to enjoy it.
A distributee is notconcludedby a receipt, exonerating his guardian-given soon after the ward came of age, and without a full knowledge of the facts.
An allowance for the services of an adm’r and ward, made by the county court, should not be induced, in a subsequent suit in ch’y for a settlement, without suflicent proof that the allowance was exorbitant.
*207 Fourth. The plaintiff having, in good faith, as we should presume, collected the price of the land in the ■depreciated paper of the Bank of the Commonwealth, and made payments in the like paper, at its nominal value, to two of his former wards, to wit: Abraham Yanarsdale and Stagg’s wife, the Circuit Judge erred, as we think, in refusing a credit on account of those payments, for any greatér amount than the value of the bank notes in specie at the time when the payment was made. For, presuming, as we must do, that A. Yanarsdale and Stagg voluntarily and understandingly received the bank notes at their nominal value, they should not now be permitted to disavow their deliberate act so far waiving objection to conduct of their guardian, and the more especially as they have seemed to acquiesce for several years.
But, though the plaintiff may have acted in perfect good faith in accepting depreciated bank notes in discharge of the debt due for the land, yet, as the sale was for par money, and there is no evidence showing, or even tending to show, that he could not have coerced the payment of such money, he must be considered as having taken a less value without authority, and at his peril; and, so far as the distributees have not received payment voluntarily in the kind of money which he erroneously collected, they should not be required to take less than the value which it was his duty to collect.
And we are, moreover, of the opinion, that the Circuit Court was right in deciding that neither A. Vanarsdale nor Stagg should be concluded by the receipt which each of them had given, but a short time after their wardships ceased, and without a proper knowledge of all the material facts, exonerating their guardian from all further liability in consideration of payments to them of only a part of what each was entitled to receive.
Fifth. The County Court having allowed the plaintiff, in his twofold character of guardian and administrator, two hundred and fifty dollars, for his trouble and expenses ; and there being, in our opinion, no satisfactory or sufficient proof that he was not justly entitled to so much, or that the County Court had transcended the *208 limits of a sound discretion in allowing that sum, the Circuit Court erred, as we think, in reducing that allowance. The credit allowed by the County Court should stand.
April 20.
The foregoing are, in the judgment of this Court, the only errors for which the decree of the Circuit Court should be reversed.
It was not erroneous to refuse a credit for the fifty dollars claimed on account of an alleged payment for subsistence for the widow and children. That item was neither claimed by the plaintiff’s answer, nor properly established even by proof.
Nor was there any error in charging the plaintiff with the amount for which the land was sold; for, though he was not the commissioner who sold and should have collected it, nevertheless he is estopped by his own acts on record, to deny that he had received it and held it as guardian.
Wherefore the decree of the Circuit Court is reversed, and the cause remanded for such decree as shall be proper and consistent with the foregoing opinion.